# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

20116

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| KWANZA QUINETTE BURRELL<br>711 Sherman Rd<br>MIDDLE RIVER     MD 21220 | | KOONS CHEVROLET INC.<br>10207 PHILADELPHIA RD<br>WHITE MARSH     MD 21162 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2012 | CHEVROLET MALIBU | 1G1ZC5E04CF156461 | [x] personal, family or household<br>[ ] business<br>[ ] agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $1700.00 |
|---|---|---|---|---|
| 12.90 % | $11,747.20 | $26,146.40 | $37,893.60 | $39,593.60 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $526.30 | Monthly beginning OCTOBER 28, 2011 |
| Or As Follows: | N/A | N/A |

**Late Charge.** If payment is not received in full within __15__ days after it is due, you will pay a late charge of __10__% of the part of the payment that is late, with a minimum charge of $__5__.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price
   - A. Cash Price of Motor Vehicle (including accessories, services, and taxes) .......... $26554.40 (A)
   - B. Dealer Processing Charge (not required by law) .......... $200.00 (B)
   - C. Freight Charge .......... N/A (C)
   - D. Other .......... N/A (D)
       - To Whom Paid  N/A
   - E. Other .......... N/A (E)
       - To Whom Paid
   - Total Cash Price .......... $26754.40 (1)
2. Total Downpayment =
   - Trade-in  N/A  (Year) (Make) (Model)
   - Gross Trade-In Allowance .......... N/A
   - Less Pay Off Made By Seller .......... N/A
   - Equals Net Trade In .......... N/A
   - + Cash .......... 1700.00
   - + Other .......... N/A
   - (If total downpayment is negative, enter "0" and see 4I below) .......... $1700.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) .......... $25054.40 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   - A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
       - Life .......... N/A
       - Disability .......... N/A .......... $N/A
   - B. Vendor's Single Interest Insurance Paid to Insurance Company .......... $
   - C. Other Optional Insurance Paid to Insurance Company or Companies .......... $
   - D. Official Fees Paid to Government Agencies .......... $15.00
   - E. Government Taxes Not Included in Cash Price .......... N/A
   - F. Government License and/or Registration Fees .......... $157.00
   - G. Government Certificate of Title Fees (includes $20 security interest recording fee) .......... $120.00
   - H. Optional Gap Contract .......... $800.00
   - I. Other Charges (Seller must identify who is paid and describe purpose)
       - N/A to N/A for Prior Credit or Lease Balance .......... N/A
       - to N/A for .......... N/A
       - to N/A for .......... N/A
       - to for .......... N/A
       - to for .......... N/A
   - Total Other Charges and Amounts Paid to Others on Your Behalf .......... $1092.00 (4)
5. Amount Financed (3 + 4) .......... $26146.40 (5)

[ ] **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTION:** [ ] You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

### Optional Credit Insurance

[ ] Credit Life: [ ] Buyer [ ] Co-Buyer [ ] Both
[ ] Credit Disability (Buyer Only)
Premium:
   Credit Life $ N/A
   Credit Disability $ N/A
Insurance Company Name _____
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance or credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

[ ] _____ Type of Insurance _____ Term
Premium $ _____
Insurance Company Name _____
Home Office Address _____

[ ] _____ Type of Insurance _____ Term
Premium $ _____
Insurance Company Name _____
Home Office Address _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.
X _____ N/A
Buyer Signature     Date
X _____ N/A
Co-Buyer Signature     Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**Returned Check Charge:** You agree to pay a charge of $15.00 if any check you give us is dishonored on the second presentment.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract), is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4H of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.
U.S. UNITY CORP
Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _____

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract, along with all other documents signed by you in connection with the purchase of this vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and the addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding.  Buyer Signs X _____   Co-Buyer Signs X

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See back for other important agreements.**

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 09/13/11   Co-Buyer Signs X _____ Date

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs KOONS CHEVROLET INC. Date 09/13/11 By X _____ Title BUS. MGR.

Seller assigns its interest in this contract to Americredit Financial Services (Assignee) under the terms of Seller's agreement(s) with Assignee.

[ ] Assigned with recourse   [ ] Assigned without recourse   [ ] Assigned with limited recourse
KOONS CHEVROLET INC.
Seller     By _____     Title BUSINESS MANAGER

LAW FORM NO. 553-MD-ARB (REV 4/08)  U.S. PATENT NO. D460,782
©2008 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**ORIGINAL LIENHOLDER**

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed in it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** If a payment is not received in full within 15 days after it is due, you will pay a late charge of 10% of the part of the payment that is late, with a minimum charge of $5. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

   b. If you pay late, we may also take the steps described below.
   **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information on a credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's reasonable fee, as the law allows. You will also pay any court and collection costs we incur as the law allows.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. We may repossess the vehicle with or without resort to judicial process. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.
   f. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it as the law allows. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. It does not apply at all if you bought the vehicle primarily for personal, family, or household use.

   **Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   **Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law** Federal law and Maryland law apply to this contract. This contract shall be subject to the Credit Grantor Closed End Credit Provisions (Subtitle 10) of Title 12 of the Commercial Law Article of the Maryland Code.

**NOTICE TO BUYER(S) OF NEW VEHICLES: IF YOU ARE PURCHASING A NEW VEHICLE WHICH IS SUBJECT TO A MANUFACTURER'S EXPRESS WARRANTY AND THE VEHICLE DOES NOT CONFORM TO THAT WARRANTY DURING THE WARRANTY PERIOD, YOU MUST GIVE WRITTEN NOTICE OF THE NONCONFORMITY, DEFECT OR CONDITION TO THE MANUFACTURER OR FACTORY BRANCH DURING THE WARRANTY PERIOD BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, IN ORDER TO PRESERVE YOUR RIGHTS UNDER THE MARYLAND AUTOMOTIVE WARRANTY ENFORCEMENT ACT.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing shall be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

Form No. 553-MD-ARB 04/08



# MARYLAND NOTICE OF SECURITY INTEREST FILING
DO NOT ACCEPT THIS DOCUMENT SHOWING ANY ERASURES, ALTERATIONS OR VOIDS.

## THIS IS NOT A TITLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | BODY STYLE | CLASS | ODOMETER | BRAND | TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 1G1ZC5E04CF156461 | 12 | CHEV | 4S | A | 7 | A | 42902826 |

| EXCEPT. | GR. VEH. WT | GR. COMB. WT | FEE (TAGS) | INSPECTION DATE | DATE ISSUED |
|---|---|---|---|---|---|
| N/A | 3700 | 00N/A | $50.50 | N/A | 09/28/11 |

OWNER'S SOUNDEX / DRIVER LICENSE NO.   CO-OWNER'S SOUNDEX / DRIVER LICENSE NO.

NAME(S) AND ADDRESS OF REGISTERED OWNER(S)

**KWANZA QUINETTE BURRELL**
**711 SHERMAN RD**
**MIDDLE RIVER  MD 21220**

**ODOMETER CODES**
A. Actual Mileage
B. Exceeds Mechanical Limits
C. Not Actual Mileage

CAL LEV

00311608

THIS IS TO CERTIFY THAT A SECURITY INTEREST HAS BEEN DULY FILED WITH THE MOTOR VEHICLE ADMINISTRATION IN THE NAME OF THE SECURED PARTY BELOW ON THE VEHICLE DESCRIBED.

### TERMINATION STATEMENT
I, THE UNDERSIGNED, DO HEREBY RELEASE ALL RIGHTS AND INTERESTS IN THE VEHICLE DESCRIBED ABOVE.

| SIGNATURE OF SECURED PARTY | OFFICIAL CAPACITY | DATE OF RELEASE |
|---|---|---|
|  |  |  |

NAME AND ADDRESS OF SECURED PARTIES

**AMERICREDIT FINANCIAL SER INC**
**PO BOX 182673**
**ARLINGTON  TX 76096**

OFFICIALLY ISSUED ON THE DATE SET FORTH

ADMINISTRATOR OF MOTOR VEHICLES

VR-002 (03/09)

THIS DOCUMENT CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT